IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00527-GPG

MR. SOLOMON EDDIE BURNETTE,

    Applicant,

v.

MISS T.K. COZZA RHODES, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Solomon Eddie Burnette, is a prisoner in the custody of the Federal Bureau of Prisons. Mr. Burnette initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his convictions and prison sentence.

The Court must construe the Application filed by Mr. Burnette liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of statutory jurisdiction.

### I.     Background

In 1999, Applicant was convicted on retrial in the United States District Court for the Western District of Tennessee of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); one count of possession of crack cocaine

with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  *See United States v. Burnette*, 21 Fed. App'x 382, 385 (6th Cir. Oct. 10, 2001). He was sentenced as an armed career criminal to three hundred eighty-seven (387) months in prison.  *Id.*  The Sixth Circuit affirmed.  *Id.* at 390.

Applicant previously challenged the validity of his conviction by filing in the sentencing court a motion pursuant to 28 U.S.C. § 2255 asserting three claims of ineffective assistance of counsel and a due process violation.  *See United States v. Burnette,* No. 2:02-cv-02954-D/V (W.D. Tenn. Oct. 10, 2002).  The sentencing court denied the § 2255 motion and denied a certificate of appealability.  (*Id.*).  The sentencing court also denied Applicant's motion to vacate the judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b).  (*See* ECF No. 1, at 43-47).  Applicant then requested leave to file a second or successive motion under § 2255, which was denied by the Sixth Circuit.  (*See id.,* at 51).

Applicant also filed in the sentencing court a second § 2255 motion seeking relief under *Descamps v. United States*, 133 S. Ct. 2276 (2013), that was dismissed for lack of jurisdiction as an unauthorized second or successive motion.  *See United States v. Burnette,* No. 14-cv-02435-SHM (W.D. Tenn. June 9, 2014)*.*

Moreover, Applicant has filed in other district courts several petitions pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence, which have been dismissed for failure to demonstrate that the remedy under § 2255 was inadequate or ineffective.  *See e.g., Burnette v. Warden, FCC Coleman-USP I,* No. 11-

cv-677-Oc-27TBS (M.D. Fla. Dec. 16, 2011); *Burnette v. O'Brien,* No. 12cv43 (N.D. W. Va. June 18, 2012); *Burnette v. Daniels,* No. 14cv284 (E.D. Tex. May 22, 2014).

In 2015, Applicant filed in this Court an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. *See Burnette v. Rhodes,* Case No. 15-cv-02478-LTB (D. Colo. Nov. 10, 2015). On December 23, 2015, the Court dismissed the action because Applicant failed to comply with the Court's order to show cause why the action should not be dismissed for failure to demonstrate that the remedy provided in § 2255 was inadequate or ineffective. Applicant filed a motion for reconsideration, which the Court denied on January 28, 2016. *See Burnette v. Rhodes,* No. 15-cv-02478-LTB, 2016 WL 345493 (D. Colo. Jan. 28, 2016). In the January 28 order, the Court reviewed Applicant's response to the order to show cause and found that he did not demonstrate that the § 2255 remedy was inadequate or ineffective. Specifically, the Court rejected Applicant's arguments that the remedy was inadequate or ineffective because his claims are supported by "the Supreme Court's new, narrowing construction of a federal criminal statute, he cannot meet the stringent requirements for filing a second or successive § 2255 motion, and he is actually innocent." *Id.* at *4.

In the instant habeas corpus action, Applicant asserts the same due process and ineffective assistance of counsel claims that he raised in his previous habeas corpus action in this Court. (ECF No. 1, at 3). As relief, he asks the Court to vacate his judgment of conviction, order a new trial or evidentiary hearing to determine the merits of his claim, or order his release from prison. (*Id.,* at 5).

## II.     Analysis

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Applicant does not dispute, that he is challenging the validity of his conviction and sentence in this habeas corpus action.  Therefore, his claims must be raised in the Western District of Tennessee in a motion pursuant to § 2255 unless he demonstrates that the § 2255 remedy is inadequate or ineffective.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255.  Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention."  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e)).  The narrow reading of the savings clause is well

established in the Tenth Circuit. *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, 634 F.3d at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances."). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Applicant's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.* Applicant bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See id.*

Mr. Burnette argues in the § 2241 Application that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because his requests for filing a second or successive § 2255 motion have been denied where he did not make the *prima facie* showing under § 2255(h); he is actually innocent; and the Supreme Court "has interpreted the statute under which he was convicted in a new way and that his conduct was lawful under the statute as subsequently interpreted" in *Johnson v. United States,* __ U.S. __, 135 S. Ct. 2551 (2015). (*See* ECF No. 1, at 21-22, 26-33, 35-40). These arguments lack merit.

First, "the mere fact that [a prisoner] is precluded from filing a second § 2255

petition does not establish that the remedy in § 2255 is inadequate." *Caravalho*, 177 F.3d at 1179. Instead, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a prisoner may properly file a § 2241 application. *Prost,* 636 F.3d at 588. For example, the savings clause may be met when the original sentencing court has been abolished or dissolved, and the petitioner has nowhere to file a § 2255 motion. *See id.*; *see also Caravalho*, 177 F.3d at 1178 (listing cases). Thus, Applicant's argument that his requests for filing a second or successive § 2255 motion have been denied is without merit.

Second, Applicant's actual innocence argument does not persuade the Court that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. The Tenth Circuit has held that "[u]nder the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013). Moreover, the Tenth Circuit explicitly declined to adopt the test set forth in *Reyes v. Requena v. United States,* 243 F.3d 893, 902 n.20 (5th Cir. 2001) (incorporating in the savings clause a test for actual innocence that would allow a habeas corpus application pursuant to § 2241 to proceed). *See Prost*, 636 F.3d at 593-94. In *Prost,* the Tenth Circuit has disregarded the "actually innocent" provision, as a novel question that creates "a test Congress never authorized." *Id.* at 596 (declining to incorporate actual innocence under a new statutory interpretation to invoke the savings clause).

Furthermore, the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (based on the fundamental legality of a sentence, the

Seventh Circuit found § 2241 an appropriate avenue for relief when a defendant is unable to obtain relief on a basis not yet established by law in a first motion and unable to do so in a successive motion when relief is neither newly discovered evidence nor a new rule of constitutional law), is rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94. The Tenth Circuit found that the foreclosure test disregards § 2255(h) in allowing an applicant to proceed through the § 2255(e) savings clause in disregard of Congress's concern for finality when a conviction has been tested through trial, appeal, and one round of collateral review. *Id.* at 591. In short, because Applicant's claims "could have been tested in an initial § 2255 motion," *id.* at 584, he cannot demonstrate that § 2255's remedy is "inadequate or ineffective" to test the legality of his detention. *See Abernathy,* 713 F.3d at 549-51.

Finally, although not entirely clear, Applicant asserts in the § 2241 Application that he "is actually innocent, of the charging enhancement of 'Armed Career Criminal, of U.S.S.G. 4B1.4 . . .'" and mentions the recent Supreme Court case, *Johnson v. United States,* ___ U.S. ___, 135 S. Ct. 2551 (2015). In *Johnson,* the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process. *Id.* at 2563. Applicant then argues that *Johnson* affords him an argument previously unavailable, rendering his § 2255 remedy inadequate or ineffective. (*See* ECF No. 1, at 27-33).

Since *Johnson* was decided the circuit courts have split with regard to whether

*Johnson* should be applied retroactively.  For example, the Sixth Circuit has held that *Johnson* should apply retroactively, and that petitioners should be allowed to proceed to seek relief based on *Johnson* in a second or successive § 2255 petition.  *See In re Watkins,* 810 F.3d 375 (6th Cir. 2015).  However, the Tenth Circuit has found that *Johnson* was not to be applied retroactively, and that it did not serve a basis to allow a second or successive petition to proceed.  *See In re Gieswein,* 802 F.3d 1143, 1149 (10th Cir. 2015).

To the extent Applicant contends that *Johnson* announces a new substantive rule of constitutional law that applies retroactively to final convictions or sentences which are being challenged through collateral means, he is not without a remedy:  he can pursue his challenge in the Sixth Circuit by seeking permission to file a successive § 2255 motion.  *See e.g., Pam v. Matevousian,* 1:15-cv-01494, 2016 WL 1162667, at *2 (E.D. Ca. Mar. 24, 2016).  This Court expresses no opinion as to whether the Sixth Circuit would grant Applicant leave to file a second or successive § 2255 motion, or whether Applicant would be entitled to relief under *Johnson.*  The Court points out that a § 2255 motion relying on a newly-recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court . . ." 28 U.S.C. § 2253(f)(3).  The one-year period prescribed by § 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date the newly recognized right was found to be retroactive.  *See Dodd v. United States,* 125 S. Ct. 2478, 2482 (2005).  *Johnson* was decided by the Supreme Court on June 26, 2015.

Regardless, Applicant cannot pursue his *Johnson* claim in a habeas application under § 2241 in this Court. *See e.g., Fletcher v. Quintana,* No. 15-286-DCR, 2015 WL 9413097, at *3 (E.D. Ky. Dec. 22, 2015); *Williams v. Rivera,* 14CV00138, 2015 WL 7424324, at *3-4 (E.D. Ark. Oct. 20, 2015); *Brown v. Meeks,* No. 15-cv-3506-RMG, 2015 WL 7313865, at *2 (D. S. Car. Nov. 20, 2015); *Prosser v. Matevousian,* No. 15-cv-01830, 2016 WL 1136917, at *3-4 (E.D. Cal. Mar. 23, 2016); *Haas v. Cross,* No. 15-cv-642-DRH-CJP, 2015 WL 5955481, at *2-3 (S.D. Ill. Oct. 14, 2015); *Mims v. Flournoy,* No. 15-cv-95, 2016 WL 1090602, at *2-5 (S.D. Ga. Mar. 18, 2016); *Turner v. Wilson,* No. 14CV597, 2015 WL 6693079, at *4-5 (E.D. Va. Oct. 28, 2015); *Vercusky v. Purdue,* No. 15-cv-2256, 2015 WL 7761430, at *2 (M.D. Pa. Dec. 2, 2015). Because Applicant fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective under the *Prost* test, the claims and Application will be dismissed for lack of statutory jurisdiction. *See Abernathy*, 713 F.3d at 557.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is

dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   6th   day of    April            , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court